UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<span>OWANA</span> M<span>C</span>K<span>INNEY</span>,

      Plaintiff,

v.

C<span>OMMISSIONER OF</span> S<span>OCIAL</span> S<span>ECURITY</span>,

      Defendant.

_____/

Case No. 14-11980

S<span>ENIOR</span> U.S. D<span>ISTRICT</span> J<span>UDGE</span>
A<span>RTHUR</span> J. T<span>ARNOW</span>

U.S. M<span>AGISTRATE</span> J<span>UDGE</span>
A<span>NTHONY</span> P. P<span>ATTI</span>

**ORDER T<span>RANSFERRING</span> C<span>ASE TO</span> P<span>ROPER</span> V<span>ENUE</span>**

Before the Court is Plaintiff's Complaint [1]. For the reasons that follow, the case is transferred to the Western District of Michigan.

Venue is proper in the judicial district where either defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). If a Plaintiff files a case in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may transfer a case *sua sponte*. *Carver v. Knox County, Tenn.*, 887 F.2d

1287, 1291 (6th Cir. 1989). The action arose in Kent County, which is located in the Western District. Accordingly,

**IT IS ORDERED** that this case is **TRANSFERRED** to the Western District of Michigan.

**SO ORDERED.**

Dated: February 9, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge